Turney, J.,
delivered the opinion of the court:
In 1861 ¥m. O. Robinson was tax collector of Madison county. The plaintiffs in error were his securities.
The declaration avers: “The plaintiffs in the month of April, 1874, paid off and discharged a judgment for $1,296.96 rendered against them in the supreme court in October, 4 873, as the sureties of one ~W. 0. Kobinson, tax collector/’ etc., “for which .amount Robinson and his sureties became liable to the state,” etc., “for taxes due for 1867, for which amount Robinson and his sureties became liable because of the failure of Robinson to> collect public taxes due said state for the year 1867.”
“The amount of taxes which Milton Brown failed to pay,” etc., and constituting a part of the default for which plaintiffs became liable, and have since paid, was $312.61, for which the suit is brought.
There is a demurrer assigning various causes to the declaration.
*467 1. No joint payment or use of a joint fund is averred in tbe declaration.
Tbe liability of plaintiffs was joint and several; they bave been made jointly liable by tbe judgment of tbis court for an amount over six thousand dollars, embracing tbe amount sued for in tbis action. Tbe whole amount has been paid by plaintiffs, and'out of tbis amount jointly paid, the amount sued for -was settled with tbe state for tbe benefit and to tbe use, of defendant, discharging bis estate from tbe burden imposed by law.
Tbe fund paid in to discharge tbe aggregate liability has been appropriated to various defalcations of tbe tax collector by bis failure to collect. It would be impossible for any party or court to say or determine bow much of tbe proportion paid by each security was applied to tbe particular item sued on in this action. It can only be held to bave been paid out of tbe aggregate total paid jointly by the several plaintiffs as securities, for the omission of their principal.
It is objected that tbe remedy for plaintiffs is statutory; that such remedy has not been pursued, and therefore tbe court has no jurisdiction. In support of tbis view, several sections of tbe Code are relied on. [See Code (1858 and 1871), secs. 607-642c, 661-667b; see also Shannon’s Code, secs. 958-96Q]. An examination of these statutes, as we think, show them to bave been enacted for tbe purpose of first enabling tbe state to collect in a short time in a quasi summary proceeding its revenue.
2. To enable tbe tax collector to proceed in a simple manner to tbe collection of such revenue; and,
3. To put tbe securities in a position to protect themselves against tbe defalcations and omissions of their principal.
There is nothing in these statutes authorizing their construction to be that of exclusive remedy for tbe benefit and security of tbe sureties or their principal, nor is there any thing, as we conceive, abolishing tbe common law remedy.
*468 In tbe case of Mayor & Council of Jonesborough v. McKee, 2 Yerg., 167, it was held a tax due tbe state is a demand for wbicb an action will lie.
It is true tbat at tbat time there was simply an authority to levy and collect taxes, with no- mode of collection provided by statute, and the court held the common law action proper. From this wo see that there did exist the right to resort to that form of action; having once existed, it still continues unless taken away by statute, which has not been done; the statutory remedies are merely cumulative.
The time of two years given to tax collectors and their sureties in Avhich to collect arrearages of taxes, etc., is merely an extension of official existence, and is not a repeal or modification of the general statutes of limitations, so as to require all s.uits growing out of their responsibilities and liabilities to be commenced within that time. [See Code (1858 and 187l) secs. 661-662; Shannon’s Code, sec. 953].
The bond of the tax collector is intended to secure the collection and payment over of the public revenue. The amount in the bond is not in the natura of a penalty in its correct sense, but is a security. The payment of the taxes secured by it, by the collector or his sureties, is a discharge of the claim of the state as against the property assessed and its owner.
The payment of the taxes assessed on the property of the defendant was the payment of a debt due by him; it was a discharge of a burden upon his estate, and for his benefit the lifting of a lien.
The.right of action accrued at the date of payment of the judgment, and is not barred by time.
We can see no legal reason in the defense by demurrer why the action may not be maintained for money paid by the plaintiffs for the defendant.
Nevarse the judgment.